## In the Matter of Nicole T.T. JAUBERT.

### No. 02S00–0504–DI–172.

Supreme Court of Indiana.

July 24, 2006.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In August 2003, a client hired respondent to seek a sentence modification. For ten months the client heard nothing from respondent, so on June 25, 2004, he filed a grievance with the Commission. In response to the grievance, respondent asserted that she contacted the Allen County Deputy Prosecutor to discuss a modification. She produced copies of letters and a proposed motion to modify she claimed to have sent to the prosecutor regarding the matter. She further claimed the prosecutor had written back objecting to a modification. She also told the Commission she wrote the client on April 7, 2004, advising him that the prosecutor objected to the

modification. The parties agree that respondent's assertions were false and that she did not send the documents she produced as she claimed.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.3, which requires a lawyer to act with reasonable diligence and promptness in representing a client; Prof.Cond.R. 1.4(a), which requires a lawyer to keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information; and Prof.Cond.R. 8.1(a), which prohibits a lawyer from knowingly making a false statement of material fact in connection with a disciplinary matter.

**Discipline:** One (1) year suspension without automatic reinstatement.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline, effective September 11, 2006. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d).

All Justices concur.